IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY C. FRANKHOUSER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　) 　Civil Action No. 15-55J
　　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN,　　　　　　　　　　 )
COMMISSIONER OF SOCIAL SECURITY,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　　)

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

### I.  BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since August 31, 2011. (ECF No. 5-6, pp. 7, 10). Administrative Law Judge ("ALJ"), Lawrence J. Neary, held a hearing on April 16, 2013. (ECF No. 5-2, pp. 35-63). On May 3, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 21-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Opinion of Treating Psychiatrist, Dr. Mildred Fajardo

Plaintiff first argues that the ALJ erred[1] "in not giving proper weight to the medical records and opinions of Claimant's treating psychiatrist, Mildred Fajardo, M.D." (ECF No. 8, pp. 11-14). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §§ 416.927(c)(1); 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory

---

[1] In every argument Plaintiff argues that the Appeals Council erred in the same vein as the ALJ. (ECF No. 8, pp. 10-11). The reviewable decision at issue in this case is that of the ALJ. As a result, this opinion is written in terms of whether the ALJ erred.

3

diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In this case, Plaintiff specifically argues that ALJ erred in discounting Global Assessments of Functioning ("GAF")[2] scores assessed by Dr. Fajardo. (ECF No. 8, pp. 11-14). GAF scores are not endorsed by the Social Security Administration because the scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, just 15 days prior to the decision at issue in this case, the American Psychiatric Association no longer endorses the GAF scale either. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.* In this case, I find no error on the part of the ALJ recognizing: 1) that the scores do not have a direct correlation to the disability requirements and standards of the Act because there are other factors that can negatively affect a plaintiff's score, and 2) relating that to Plaintiff's case. (ECF No. 5-2, pp. 25-28). The ALJ further rejected the GAF scores of 48 and 50 based on a finding that they were not consistent with the evidence. (ECF No. 5-2, pp. 25-28). The ALJ set forth, at length, those inconsistencies. *Id.* Contrary to Plaintiff's position, I do not find this to be "cherry picking." Rather, I find that the ALJ appropriately discussed and discounted those portions that were inconsistent with the objective evidence of record. After a review of the evidence, I find the ALJ's finding is based on substantial evidence. Consequently, I find no error in this regard.

### C. Other Evidence of Record

Plaintiff argues that the ALJ erred in using reports from her medical doctors in assessing Plaintiff's mental limitations. (ECF No. 8, pp. 14-15). She submits that "their observations should be given little or no weight with respect to [her] mental functioning" since she did not seek mental treatment from them. *Id.* After a review of the record, I find the ALJ did not error in this regard. (ECF No. 5-2, pp. 26-27). The ALJ, as he is required, considered the entire record

---

[2]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100.

in evaluating Plaintiff's impairments. *Id.* Furthermore, I find that the ALJ's description of the records to be supported by substantial evidence. *Id.* Thus, remand on this basis is not warranted.

### D. **Nursing Home Care**

Next, Plaintiff suggests the ALJ "erred in not giving sufficient weight to [Plaintiff's] need for home nursing care." (ECF No. 8, pp. 15-16). After a review of the record, I disagree. The ALJ considered said evidence. *Id.* I find the ALJ's summary of said evidence to be supported by substantial evidence. *Id.* Thus, remand on this basis is not warranted.

### E. **Activities of Daily Living**

Finally, Plaintiff argues that the ALJ "impermissibly equated [her] ability to do daily activities with the ability to perform substantial gainful activity." (ECF No. 8, pp. 16-18). Contrary to Plaintiff's position, I find the ALJ did not equate her ability to do daily activities with the ability to perform substantial gainful activity. (ECF No. 5-2, pp. 27-28). If the ALJ had equated her ability to do daily activities with substantial gainful activity, then the ALJ would have found Plaintiff not disabled at step 1 and the analysis would have ended there. As the ALJ noted, "[a]t step one, the undersigned must determine whether the claimant is engaging in substantial gainful activity….If an individual engages in SGA, she is not disabled, regardless of how severe her physical or mental impairments are and regardless of her age, education, and work experience. If the individual is not engaging in SGA, the analysis proceeds to the second step." (ECF No. 5-2, p. 22). The ALJ's analysis did not end at step 1. *See,* ECF No. 5-2, p. 23.

Additionally, an ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living when assessing the credibility of an individual's statements. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. In this case, the ALJ did exactly that. (ECF No. 5-2, pp. 27-28).

Plaintiff further suggests that to be disabled does not mean that he must vegetate in a dark room. (ECF No. 8, p. 17). I agree with Plaintiff that to be disabled does not mean that he

6

must be shut off from society. Nonetheless, an ALJ is required to review and determine the credibility of statements in deciding the intensity and persistence of symptoms. 20 C.F.R. §§404.1529, 416.929. After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. Furthermore, I find the ALJ's opinion was supported by substantial evidence. Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY C. FRANKHOUSER,            )
                                )
        Plaintiff,               )
                                )
   -vs-                          )         Civil Action No. 15-55J
                                )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
        Defendant.               )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 6th day of October, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge